Omar Ernest EPPS, Plaintiff–
Appellant,

v.

N. GRANNIS, Chief, Inmate Appeals
Branch; et al., Defendants–
Appellees.

No. 13–56760.

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2015.[*]

Filed March 27, 2015.

Omar Ernest Epps, Imperial, CA, pro se.

Edgar Nield, Gabrielle Desantis Nield, Esquire, Nield Law Group, APC, Carlsbad, CA, for Defendants–Appellees.

Appeal from the United States District Court for the Southern District of California, Roger T. Benitez, District Judge, Presiding. D.C. No. 3:10–cv–01949–BEN–KSC.

Before: FARRIS, WARDLAW, and PAEZ, Circuit Judges.

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Omar Ernest Epps, a California state prisoner, appeals pro se from the district court's summary judgment in his action alleging violations of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") and the First Amendment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Rosebrock v. Mathis,* 745 F.3d 963, 970 n. 8 (9th Cir.2014) (mootness); *Hebbe v. Pliler,* 627 F.3d 338, 341 (9th Cir.2010) (dismissal under Fed.R.Civ.P. 12(b)(6)); *Shakur v. Schriro,* 514 F.3d 878, 883 (9th Cir.2008) (summary judgment). We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare System, LP,* 534 F.3d 1116, 1121 (9th Cir.2008). We affirm.

The district court properly dismissed as moot Epps' RLUIPA claims concerning Calipatria State Prison's package policy and his request for a Kosher diet, because Epps was transferred to another prison during the pendency of his action. *See Johnson v. Moore,* 948 F.2d 517, 519 (9th Cir.1991) (per curiam) (claims for injunctive relief related to a prison's policies are moot where prisoner has been transferred to another facility and shows no reasonable expectation of return).

The district court properly dismissed as moot Epps' remaining RLUIPA claims concerning Calipatria not having a Muslim chaplain in 2006; defendants' failure to allow him to worship in a group setting following a prison riot in 2008; defendants' failure to deliver his Ramadan package in 2008; and defendants' confiscation of his religious books in 2010, which were returned to Epps in 2012. *See Murphy v. Hunt,* 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982) (exception to mootness that case is capable of repetition yet evading review is limited to those circumstances where there was a reasonable expectation that the same complaining party would be subjected to the same action again).

■ The district court properly dismissed as time-barred Epps' First Amendment Free Exercise claim concerning his inability to break fast at Ramadan in October 2006. *See Douglas v. Noelle,* 567 F.3d 1103, 1109 (9th Cir.2009) (§ 1983 claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action); *Taylor v. Regents of Univ. of Calif.,* 993 F.2d 710, 711 (9th Cir.1993) (per curiam) (California's statute of limitations for personal injury actions governs claims brought under § 1983).

■ Dismissal of Epps' Free Exercise claims concerning a Kosher diet was proper because Epps failed to show that defendants' provision of the Religious Meat Alternative diet was not reasonably related to a legitimate state interest. *See Shakur v. Schriro,* 514 F.3d at 887–88 (analyzing § 1983 claim concerning denial of inmate's request for Kosher diet under four part test stated in *Turner v. Safley,* 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987)).

■ The district court properly granted summary judgment on Epps' Free Exercise claim against defendant Meister, because Epps failed to raise a genuine dispute of material fact as to whether Meister's refusal of Epps' parcel substantially burdened Epps' ability to practice his religion. *See Shakur v. Schriro,* 514 F.3d at 884–85 (Free Exercise Clause is only implicated when a prison practice

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

burdens a prisoner's sincerely-held religious beliefs).

The district court properly dismissed Epps' Free Exercise and Free Speech claims concerning defendants' failure to allow him to worship in a group setting following a prison riot in 2008; and defendants' confiscation of his religious books in 2010, for failure to state a claim. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (internal citations and quotation marks omitted)).

Epps' arguments concerning the district court's denial of preliminary injunctive relief are foreclosed by a prior decision of this court. *See Kimball v. Callahan,* 590 F.2d 768, 771 (9th Cir.1979) ("[U]nder law of the case doctrine, one panel of an appellate court will not as a general rule reconsider questions which another panel has decided on a prior appeal in the same case." (internal quotation marks omitted)).

The district court did not abuse its discretion in not sua sponte granting Epps leave to amend his complaint because Epps' complaint could not be cured by the allegation of other facts. *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir.2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." (internal quotation marks omitted)); *Pisciotta v. Teledyne Indus., Inc.,* 91 F.3d 1326, 1331–32 (9th Cir.1996) (cause of action accrues under federal law when the plaintiff knows or has reason to know of the injury that is the basis of the action; under 'continuing violation' theory, the statute of limitations does not begin to run until the last breach occurs).

The district court did not abuse its discretion in denying Epps' motion for discovery sanctions because Epps failed to establish that defendants were in possession of any responsive documents. *See Dunn v. Trans World Airlines, Inc.,* 589 F.2d 408, 415 (9th Cir.1978).

Contrary to Epps' contentions, the district court did not rule on summary judgment while Epps' motion for service of discovery was outstanding.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal or in the reply brief. *See Padgett v. Wright,* 587 F.3d 983, 985 n. 2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

